UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
AARON THOMAS, *on behalf of himself, FLSA*
*Collective Plaintiffs, and the Class,*

**ANSWER**

Plaintiff,

1:25-cv-03729-MKV

-against-

SECURE GUARD PROTECTION AGENCY LLC,

Defendant.
-------------------------------------------------------------------------X

Defendant, SECURE GUARD PROTECTION AGENCY LLC ("Defendant") by its attorney, Ruskin Moscou Faltischek, P.C., as and for its answer to the Complaint of Plaintiff, AARON THOMAS, ("Plaintiff") (the "Complaint"), allege as follows:

**AS AND FOR A RESPONSE TO "INTRODUCTION"**

1.    Defendant denies the allegations contained in paragraph 1 of the Complaint.

2.    Defendant denies the allegations contained in paragraph 2 of the Complaint.

3.    Defendant denies the allegations contained in paragraph 3 of the Complaint.

4.    Defendant denies the allegations contained in paragraph 4 of the Complaint but avers that it provides security guard services.

5.    Defendant denies the allegations contained in paragraph 5 of the Complaint.

1

6.      Defendant denies the allegations contained in paragraph 6 of the Complaint.

## AS AND FOR A RESPONSE TO "JURISDCTION AND VENUE"

7.      Defendant denies the allegations contained in paragraph 7 of the Complaint but acknowledges that Plaintiff seeks to invoke the jurisdiction of the Court under the statutes referenced therein.

8.      Defendant denies the allegations contained in paragraph 8 of the Complaint but acknowledges that Plaintiff seeks to invoke the jurisdiction of the Court under the statutes referenced therein.

9.      Defendant denies the allegations contained in paragraph 9 of the Complaint but acknowledges that Plaintiff seeks to invoke the venue of the Court under the statute referenced therein.

## AS AND FOR A RESPONSE TO "PARTIES"

10.     Defendant denies knowledge or information sufficient to form a belief related to the allegations contained in paragraph 10 of the Complaint.

11.     Defendant denies the allegations contained in paragraph 11 of the Complaint except avers that it is a domestic business corporation organized under the laws of the State of New York.

12.     Defendant denies the allegations contained in paragraph 12 of the Complaint.

13.     Defendant denies the allegations contained in paragraph 13 of the Complaint.

2

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

**AS AND FOR A RESPONSE TO**
**"FLSA COLLECTIVE ACTION ALLEGATIONS"**

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

**AS AND FOR A RESPONSE TO**
**"RULE 23 CLASS ALLEGATIONS"**

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23.     Defendant denies the allegations contained in paragraph 23 of the Complaint.

24.     Defendant denies the allegations contained in paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained in paragraph 25 of the Complaint.

26.     Defendant denies the allegations contained in paragraph 26 of the Complaint.

27.     Defendant denies the allegations contained in paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in paragraph 28 of the Complaint.

## AS AND FOR A RESPONSE TO "STATEMENT OF FACTS"

29.     Defendant denies the allegations contained in paragraph 29 of the Complaint except that Defendant admits Plaintiff was employed by Defendant as a security guard.

30.     Defendant denies the allegations contained in paragraph 30 of the Complaint except that Defendant admits only that Plaintiff worked a fluctuating schedule.

31.     Defendant denies the allegations contained in paragraph 31 of the Complaint.

4

*__As to Plaintiff's, FLSA Collective Plaintiffs', and Class Members' Wage Claims:__*

32.     Defendant denies the allegations contained in paragraph 32 of the Complaint.

33.     Defendant denies the allegations contained in paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in paragraph 34 of the Complaint.

35.     Defendant denies the allegations contained in paragraph 35 of the Complaint.

36.     Defendant denies the allegations contained in paragraph 36 of the Complaint.

37.     Defendant denies the allegations contained in paragraph 37 of the Complaint.

*__As to Plaintiff's and Class Members' Wage Theft Prevention Act Claims:__*

38.     Defendant denies the allegations contained in paragraph 38 of the Complaint.

39.     Defendant denies the allegations contained in paragraph 39 of the Complaint and respectfully refers all questions of law to this Honorable Court.

40.     Defendant denies the allegations contained in paragraph 40 of the Complaint and respectfully refers all questions of law to this Honorable Court.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint and respectfully refers all questions of law to this Honorable Court.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint and respectfully refers all questions of law to this Honorable Court.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint and respectfully refers all questions of law to this Honorable Court.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint and respectfully refers all questions of law to this Honorable Court.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint and respectfully refers all questions of law to this Honorable Court.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint and respectfully refers all questions of law to this Honorable Court.

52.     Defendant denies the allegations contained in paragraph 52 of the Complaint and respectfully refers all questions of law to this Honorable Court.

53.     Defendant denies the allegations contained in paragraph 53 of the Complaint and respectfully refers all questions of law to this Honorable Court.

54.     Defendant denies the allegations contained in paragraph 54 of the Complaint.

55.     Defendant denies the allegations contained in paragraph 55 of the Complaint.

56.     Defendant denies the allegations contained in paragraph 56 of the Complaint.

57.     Defendant denies the allegations contained in paragraph 57 of the Complaint.

58.     Defendant denies knowledge or information sufficient to form a belief related to the allegations contained in paragraph 58 of the Complaint.

**AS AND FOR A RESPONSE TO "STATEMENT OF CLAIM
COUNT I VIOLATION OF THE FAIR LABOR STANDARDS ACT"**

59.     In response to paragraph 59 of the Complaint, Defendant incorporates its answers to all preceding paragraphs of the Complaint as if fully set forth herein.

60.     Defendant denies the allegations contained in paragraph 60 of the Complaint.

61.     Defendant denies the allegations contained in paragraph 61 of the Complaint and respectfully refers all questions of law to this Honorable Court.

62.     Defendant admits the allegations contained in paragraph 62 of the Complaint.

63.     Defendant denies the allegations contained in paragraph 63 of the Complaint.

64.     Defendant denies the allegations contained in paragraph 64 of the Complaint.

65.     Defendant denies the allegations contained in paragraph 65 of the Complaint.

66.     Defendant denies the allegations contained in paragraph 66 of the Complaint.

67.     Defendant denies the allegations contained in paragraph 67 of the Complaint.

68.     Defendant denies the allegations contained in paragraph 68 of the Complaint.

69.     Defendant denies the allegations contained in paragraph 69 of the Complaint.

**AS AND FOR A RESPONSE TO
"COUNT II VIOLATION OF THE NEW YORK LABOR LAW"**

70.     In response to paragraph 70 of the Complaint, Defendant incorporates its answers to all preceding paragraphs of the Complaint as if fully set forth herein.

71.    Defendant denies the allegations contained in paragraph 71 of the Complaint.

72.    Defendant denies the allegations contained in paragraph 72 of the Complaint.

73.    Defendant denies the allegations contained in paragraph 73 of the Complaint.

74.    Defendant denies the allegations contained in paragraph 74 of the Complaint.

75.    Defendant denies the allegations contained in paragraph 75 of the Complaint.

76.    Defendant denies the allegations contained in paragraph 76 of the Complaint.

77.    Defendant denies the allegations contained in paragraph 77 of the Complaint.

**AS AND FOR A RESPONSE TO**
**"COUNT III BREACH OF THE PUBLIC WORKS CONTRACTS"**

78.    In response to paragraph 78 of the Complaint, Defendant incorporates its answers to all preceding paragraphs of the Complaint as if fully set forth herein.

79.    Defendant denies the allegations contained in paragraph 79 of the Complaint.

80.    Defendant denies the allegations contained in paragraph 80 of the Complaint.

81. Defendant denies the allegations contained in paragraph 81 of the Complaint.

82. Defendant denies the allegations contained in paragraph 82 of the Complaint.

83. Defendant denies the allegations contained in paragraph 83 of the Complaint.

**AS AND FOR A RESPONSE TO "PRAYER OF RELIEF",**
**"JURY DEMAND" AND "NY BCL 630 NOTICE AND DEMAND"**

84. Defendant denies all allegations not unequivocally admitted herein above, denies that Plaintiff is entitled to a jury trial, denies Plaintiff's NY BCL 630 Notice and Demand and denies all allegations and claims for relief stated in Plaintiff's "WHEREFORE" Clause of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

85. Plaintiff's Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

86. Plaintiff's claims are barred, in whole or in part, because Defendant has at all times endeavored in good faith to comply with the provisions of the FLSA and applicable New York state law, and they had reasonable grounds for believing that they were in compliance therewith.

10

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

87.     No act or omission of the Defendant alleged to have violated the FLSA or applicable New York state law was willful, knowing, or in reckless disregard for the provisions of such laws.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

88.     Plaintiff's claims are time-barred, in whole or in part, by the applicable statutes of limitations.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

89.     Some or all of Plaintiff's claims are barred, in whole or in part, by statutory exemptions, exclusions, exceptions or credits under the FLSA and/or applicable New York State law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

90.     Plaintiff's claims are barred as to all hours during which he was waiting to be engaged or otherwise not working.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

91.     Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, settlement, or payment and release.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

92.     Liquidated damages are not available for certain of the claims asserted.

11

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

93.    Plaintiff's claims are barred, in whole or in part, due to his violation of the Defendant's policies.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

94.    Plaintiff's claims are barred, in whole or in part, because the time periods for which he is claiming entitlement to compensation and/or overtime pay fall within a *de minimis* exception to the FLSA and applicable New York State law.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

95.    Plaintiff's claims are barred, in whole or in part, by the provisions of Section 10 of the Portal to Portal Act, 27 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

96.    Plaintiff's claims should be dismissed due to lack of standing and/or jurisdiction.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

97.    Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to exhaust administrative remedies and/or follow conditions precedent.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

98.     Plaintiff is not entitled to class certification because he fails to meet the requirements set forth by Rule 23 of the Federal Rules of Civil Procedure.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

99.     Plaintiff is not entitled to class certification because he fails to define a class clearly and objectively.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

100.     Plaintiff's attempts to pursue this lawsuit as a class action and/or collective action must fail because an independent and individual analysis of Plaintiff's claims and unique defenses and the claims and unique defenses of each putative class member and potential opt-in is required.

## AS AND FOR A SEVENTEETH AFFIRMATIVE DEFENSE

101.     Plaintiff is not entitled to class certification because he cannot adequately represent the interests of the alleged class.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

102.     Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to bring claims on behalf of some or all of the putative class members.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

103.     Plaintiff is not entitled to certification under 29. U.S.C. § 216(b) because he is not similarly situated to those he purports to represent.

13

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

104.    Plaintiff is not entitled to certification under 29. U.S.C. § 216(b) because the purported collective action, as defined in the Complaint, is overly broad and patently unmanageable.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

105.    Plaintiff is not entitled to certification under 29. U.S.C. § 216(b) because he cannot adequately represent the interests of the potential opt-ins to the alleged collective action.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

106.    There is no private cause of action for prevailing wages.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

107.    Plaintiff is not a beneficiary to any contracts entered into by Defendant.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

108.    Plaintiff has no standing to bring a breach of contract claim or any claim or any claim related to public works contracts.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

109.    Plaintiff has no privity of contract with Defendant.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

110.    Defendant reserves the right to assert such other additional affirmative defenses that may become known to it through discovery.

**WHEREFORE,** Defendant respectfully prays for judgment dismissing the Complaint in its entirety and that Defendant be awarded the costs and disbursements of this action and such other and further relief as to the Court may deem just, proper and equitable.

Dated: Uniondale, New York
       July 25, 2025

RUSKIN MOSCOU FALTISCHEK P.C.
By: */s/ David A. Robins*
    David A. Robins
    1425 RXR Plaza
    Uniondale, New York  11556
    (516) 663-6600
    drobins@rmfpc.com
    *Attorney for Defendant*

TO: LEE LITIGATION GROUP, PLLC
    C.K. Lee
    148 West 24th Street, 8th Fl.
    New York, NY 10011
    (212) 465-1188
    *Attorney for Plaintiff*

1053536

15